IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLEMAN, RONNIE | X | |
| PLAINTIFF | X | |
| V. | X | CIVIL ACTION NO. |
| | X | |
| CHEVRON PHIILIPS CHEMICAL COMPANY LP | | |
| | X | |
| DEFENDANT | | |
| | X | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(JURY TRIAL DEMANDED)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RONNIE COLEMAN, as Plaintiff in the above-styled and numbered cause of action, and makes this his original complaint, and complains of CHEVRON PHIILIPS CHEMICAL COMPANY LP, as Defendant, and for good grounds he would respectfully show the Court as follows:

1

## PARTIES

1. The Plaintiff is RONNIE COLEMAN, an individual person who resides at 3010 Deer Crossing, Missouri City, Texas 77459, who may be contacted at the address of his counsel of record, Stephen E. Menn, P.O. Box 572774, Houston, Texas 77257-2774, Tel. 832-654-2948, FAX 888-653-4543, email: stephen_menn@sbcglobal.net.

2. Defendant is CHEVRON PHIILIPS CHEMICAL COMPANY LP, a Delaware limited liability partnership doing business in the state of Texas, that can be served by causing a summons and a copy of process to be personally served upon its Registered Agent for the receipt of process, CT Corporation Systems, 1999 Bryan Street #900, Dallas, Texas 75201 .

## JURISDICTION

3. This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas; and, the defendant's principal place of business is in Harris County, Texas. Jurisdiction is granted by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. sections

2000e to 2000e-17; and, the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. sections 621 to 634.

## FACTS

4. Plaintiff RONNIE COLEMAN brings suit arising out of the terms and conditions of his employment at the CHEVRON PHIILIPS CHEMICAL COMPANY LP.

5. RONNIE COLEMAN was employed by the CHEVRON PHIILIPS CHEMICAL COMPANY LP as an operator. He was 58 years of age at the time this complaint was filed. He was 58 years old when the events complained of occurred. He is a member of a protected groups by being over-the-age-of-40 years and a black male. The plaintiff has been an employee of the CHEVRON PHIILIPS CHEMICAL COMPANY, for one and a half (1.5) years.

6. RONNIE COLEMAN was employed as an operator in a chemical plant operated by the defendant. In June of 2020, the plaintiff was transferred from the chemical plant he started I (Plant 6), to a different chemical plant (Plant 7). When the plaintiff was transferred he was assigned a different supervisor. That supervisor was vocal that he was contemptuous of blacks and civil rights. That supervisor was in charge

of assigning the plaintiff to training to operate the vessels in Plant 7. He never assigned the plaintiff to training. Instead, he did several "walkthroughs" with the plaintiff. A "walkthrough" is an oral examination of an operator that takes place while walking through the various stations in a chemical plant. The operator is asked questions by the supervisor about the operation of the plant and is given hypothetical situations and asked to respond to them. The grading of the "walkthrough" is highly subjective within the discretion of the supervisor.

7. Not surprisingly, the plaintiff's supervisor gave him low marks. Those low marks were ultimately used to justify the termination of the plaintiff from the defendant's employment.

8. The plaintiff received passing grades on all of his written examinations.

9. The plaintiff suffers from the disease of gout. Gout is a painful condition that can impair the plaintiff's ability to stand up or walk.

10. The employer knew of the plaintiff's medical condition and the defendant's sponsored health and medical insurance paid for plaintiff's treatment.

11. The plaintiff has a chronic illness that requires medical monitoring. The defendant was aware of this medical condition. The plaintiff made use of the defendant's health and medical insurance to obtain treatment for his medical condition.

12. The plaintiff was replaced by a 30 year old person.

13. There is direct evidence of discrimination against the plaintiff and other workers with a similar profile.

14. The employer's stated reason for termination is a pretext. The employer's proffered reason for justifying the termination is not logical or reasonable; and, does not conform to the law.

15. The plaintiff reported discriminatory behavior of his supervisor to the Human Resources department at the defendant. The response of the defendant was to terminate the employment of the plaintiff.

## CAUSE OF ACTION: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

16. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of race. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII). Under Title VII, a plaintiff can prove discrimination through direct or circumstantial evidence. *Turner v.*

*Baylor Richardson Medical Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (ADEA).

17. To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than similarly situated persons who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Tex. Police Dep't.*, 370 Fed.App'x 546, 548 (5th Cir. 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)) (ADEA).

18. Under Title VII, the plaintiff must prove that his race was a motivating factor in the decisions to take adverse employment action against him. *Peterson v. Bell Helicopter Textron, Inc.*, 807 F.3d 650, 657 n.1 (5th Cir. 2015) (citing 42 U.S.C. 2000e-2(m)).

19. The plaintiff states a prima facie case against the defendant based upon race discrimination because: (A) he is a member of a protected group; (B) he is qualified for the position; (C) he has suffered an adverse employment action; and, (D) he has established that he was treated

differently than other employees similarly situated. The plaintiff brings suit against the defendant for a redress of his injuries.

## CAUSE OF ACTION:
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

1. The ADEA prohibits an employer from discriminating against an employee on the basis of age. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII); 29 U.S.C. § 623(a)(1) (ADEA). Under Title VII and the ADEA, a plaintiff can prove discrimination through direct or circumstantial evidence. *Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (ADEA).

2. To establish a *prima facie* case of discrimination under Title VII and the ADEA, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than similarly situated persons who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Tex. Police Dep't.*, 370 Fed. App'x 546, 548 (5th Cir. 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5

F.3d 955, 957 (5th Cir. 1993)) (ADEA).

3. The plaintiff states a prima facie case against the defendant based upon age discrimination because: (A) he is a member of a protected group; (B) he is qualified for the position; (C) he has suffered an adverse employment action; and, (D) he has established that he was treated differently than other employees similarly situated. The plaintiff brings suit against the defendant for a redress of his injuries.

4. The plaintiff was replaced by a younger worker.

5. At the time of his termination, the plaintiff was one of the most highly compensated operators in the chemical plant.

## CAUSE OF ACTION: EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

6. The plaintiff was a full time employee of the defendant. As such, he was a participant in the defendant's retirement system and he was covered by the defendant's health and major medical insurance.

7. The value of the monthly benefits payable by plaintiff's retirement plan increases substantially in the final years of employment as the employee approaches his retirement date.

8. The plaintiff was 58 years old at the time of termination. The plaintiff

was terminated when the employer became aware that the plaintiff would require major medical intervention.

9. The Employee Retirement Income Security Act (ERISA), 29 U.S.C. Ch. 18 §1001, et seq, prohibits taking adverse action against an employee for the purpose of limiting or denying that employee an "employment benefit."

10. The plaintiff asserts that one of the motives underlying the termination of his employment was to limit, reduce the value of, or deny him his retirement benefits and his major medical benefits.

## DAMAGES

11. DAMAGES: GENERAL. The plaintiff pleads for compensatory and punitive damages in an amount to be found just and right by the jury and the Court.

12. The plaintiff requests front pay damages.

13. The plaintiff requests back pay damages.

14. DAMAGES: SPECIAL. The plaintiff suffered a loss of one hundred sixty thousand dollar per year ($160,000.00) reduction in income as the result of his termination. The plaintiff intended to retire at the age of 65 years. He suffered the discrimination at the age of 58 years. Therefore,

he has suffered "actual" damages in an amount not less than one million one hundred twenty thousand dollars ($1,120,000.00).

15. EXEMPLARY DAMAGES. The Plaintiff requests punitive or exemplary damages (liquidated damages) against the defendant by reason of its gross negligence, conscious indifference to the welfare of the Plaintiff and persons in his position, and intentional malice.

## ATTACHMENT

16. Marked as "Exhibit A" and attached hereto and incorporated herein for all purposes is a true and correct copy of the Charge of Discrimination and Notice of Right to Sue from the Texas Workforce Commission Human Rights Division granting the plaintiff the authority to bring this lawsuit.

## JURY TRIAL DEMANDED

17. The plaintiff demands a trial by jury as is his right under the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, RONNIE COLEMAN, prays that the Court grant him the following relief as against the Defendant, CHEVRON PHIILIPS CHEMICAL COMPANY LP:

(a) general damages as stated above;

(b) special damages as stated above;

(c) exemplary damages when and if permitted;

(d) prejudgment interest at the maximum rate;

(e) postjudgment interest at the maximum rate;

(f) and such further relief, at law and in equity, to which the Plaintiff may be justly entitled;

(g) the plaintiff demands a trial by jury.

RESPECTFULLY SUBMITTED:

LAW OFFICE OF STEPHEN E. MENN
P.O. BOX 572774
HOUSTON, TEXAS 77257-2774
PHONE 832-654-2948
FAX 888-653-4543
stephen_menn@sbcglobal.net

BY: __/s/Stephen E. Menn___
STEPHEN E. MENN
TEXAS BAR NO. 13942200

# EXHIBIT "A"

# ATTACHMENT TO ORIGINAL COMPLAINT

# OF

# RONNIE COLEMAN, PLAINTIFF

# V.

# CHEVRON PHILLIPS CHEMICAL COMPANY, LLP

# CONSISTING OF

# CHARGE OF DISCRIMINATION

# AND

# NOTICE OF RIGHT TO SUE

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>460-2022-01690 |
|---|---|---|
| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | | and EEOC |
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br>MR. RONNIE COLEMAN | Home Phone<br>(281) 804-1423 | Year of Birth<br>1963 |
|---|---|---|
| Street Address<br>3010 DEER CROSSING, | City, State and ZIP Code<br>MISSOURI CITY, TX 77459 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>CHEVRON PHILLIPS CHEMICAL COMPANY | No. Employees, Members<br>501+ | Phone No. |
|---|---|---|
| Street Address<br>10001 SIX PINES DRIVE, | City, State and ZIP Code<br>THE WOODLANDS, TX 77380 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br>☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest      Latest<br>06-01-2020   01-04-2022<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired by the above employer in November 2019 as a Plant Operator I and Wayne Kline was my last supervisor.

On or about June 2020, I requested and was granted a transfer from plant 6 to plant 7. This is when Wayne became my supervisor and I was met with hostility from him during our first interaction. I informed him of what role I filled at plant 6. However, he refused to assign me there nor considered my previous work in placing me in the finishing section. Instead he assigned me to an unfamiliar section (reactors) which I have never worked nor had any experience. I filed a grievance and harassment complaint against him for not allowing me to work in areas according to my qualifications. In the end I was still assigned to reactors but was allowed to work other areas as needed.

Thereafter, I was on the receiving end of multiple forms of retaliation and a hostile work environment. I requested training multiple times from Superintendent Nicole Wright and

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Ronnie Coleman on 01-12-2022 05:40 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>460-2022-01690 |
|---|---|---|
| **TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** | | and EEOC |
| *State or local Agency, if any* | | |

Training Coordinator Howard Williams. I was met with Im to busy responses to no responses at all. When I asked Nicole in person, she shrugged it off or turned the opposite direction if she saw me coming her way. I got to a point where we communicated via email only. Lastly, I was subjected to several rounds of unusual walkthroughs. For instance, walkthroughs are usually conducted by the supervisor (in my case it would be Wayne). However, I was subjected to several walkthroughs in groups of two and three by either Wayne, Marlon LNU, Howard, and Jeff Maxwell. Other plant operators within the reactors section Kenny Clark, Kevin Cochran, Chris LNU, and Armondo LNU were not subjected to the same treatment (all non-African American).

Given that I was the only Black male in the reactors section and the eldest at 58, I believe these two factors were motivators in my termination. I was told that my termination was due to me not meeting training qualifications, yet I was not responded to nor provided training.

I believe that I have been discriminated against by being subjected harassment causing a hostile work environment, denied training, subjected to different terms and conditions then my peers mentioned above, termination, and retaliation, because of my race (African American) and age (58), in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Ronnie Coleman on 01-12-2022**<br>**05:40 PM EST** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 12/09/2022

**To:** Mr. Ronnie Coleman
3010 deer crossing
MISSOURI CITY, TX 77459
Charge No: 460-2022-01690

EEOC Representative and email:   Ronnette Ramirez
EEO Investigator
ronnette.ramirez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2022-01690.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
12/09/2022
Rayford O. Irvin
District Director

**Cc:**
Stephanie John
CHEVRON PHILLIPS CHEMICAL COMPANY - LEGAL
10001 Six Pines Drive
The Woodlands, TX 77380


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 460-2022-01690 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor

Houston, TX 77002.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.